IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
MARIA KIRKWOOD,                    )
                                   )
          Plaintiff,               )  2:08-cv-03178-GEB-GGH
                                   )
     v.                            )  ORDER*
                                   )
T.D. SERVICE COMPANY, DEUTSHE      )
BANK NATIONAL TRUST COMPANY, and   )
DOES 1 through 50, inclusive,      )
                                   )
          Defendants.              )
                                   )
```

Defendant Deutshe Bank National Trust Company (the "Bank") moves to dismiss all of Plaintiff's claims, in which Plaintiff alleges unfair debt collection practices, predatory lending practices, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff's claims are premised on Defendants' foreclosure of Plaintiff's real property to collect a debt that is secured by a deed of trust on that real property. The Bank argues Plaintiff's Complaint lacks sufficient allegations to "give [the Bank] fair notice of what the . . . claim[s are] and the grounds upon which [they]

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

rest[]," citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quotation and citation omitted). Plaintiff failed to file an opposition.

Plaintiff alleges the Bank is not "entitled by law . . . to initiate foreclosure" on Plaintiff's real property since the Bank "is not the holder [nor] in possession of" the promissory note. (Compl. ¶ 7.) However, Plaintiff does not provide any facts in support of these allegations but instead relies upon mere "information and belief." (Compl. ¶ 7.) "These allegations do not raise Plaintiff's right to relief above a speculative level." Carbajal v. ETS Services, LLC, No. 08cv1997, 2009 WL 249795, at *2 (S.D. Cal. Feb. 2, 2009); see also Bell Atlantic Corp., 127 S. Ct. at 1965 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Plaintiff also alleges the Bank engaged in unfair collection practices under the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), "including . . . Civil Code § 1788(e) and (f)," the Federal Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act. (Compl. ¶ 21.) However, § 1788(e) and (f) of the RFDCPA do not exist. Plaintiff does not otherwise allege which specific provision of these Acts the Bank has violated and does not make factual allegations as to how the Bank has violated these Acts. "[N]either [the Bank] nor the court is required to guess as to the manner in which [the Bank's] conduct allegedly violated" these Acts. Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1200 (C.D. Cal. 2008); see also Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983) (stating "[i]t is not . . . proper to assume that the [plaintiff] can prove facts that [she] has not alleged or that the

2

defendants have violated the . . . laws in ways that have not been alleged").

Plaintiff also alleges the Bank engaged in predatory lending practices under the Home Ownership and Equity Protection Act, the Truth in Lending Act, and the Federal Trade Commission Act. Plaintiff alleges the initial lender of the loan, who is not a party to this action, violated these statutes, "the specifics of which are unknown." (Compl. ¶ 24.) Plaintiff does not allege that the Bank engaged in any predatory lending practices but states that the Bank "is subject to defenses that would have been available against [the initial lender of the loan]. . . ." (Compl. ¶ 23.) These vague allegations are also insufficient to withstand the Bank's dismissal motion.

Plaintiff also alleges the Bank violated the RICO by engaging in "a scheme of racketeering as that term is defined in [the RICO]" and "a pattern and practice [of] obtain[ing] title of property without compliance and in violation of Article 3 of the California Commercial Code." (Compl. ¶¶ 27, 32.) However, these "mere labels and conclusions" are also insufficient to withstand the Bank's dismissal motion. Bell Atlantic Corp., 127 S. Ct. at 1965. Therefore, the dismissal motion is granted.

The Bank also moves to expunge the Notice of Pendency of Action Plaintiff recorded on her real property on December 23, 2008 in the office of the Recorder of San Joaquin County, Document No. 2008-196477, arguing Plaintiff "has not established by a preponderance of the evidence the probable validity of [a] real property claim" under California Code of Civil Procedure § 405.32. Plaintiff failed to file an opposition to this motion.

A notice of pendency of action "acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is resolved or the [notice of pendency of action] is expunged." Amalgamated Bank v.Super. Ct., 149 Cal. App. 4th 1003, 1011 (2007). "In order to prevent abuse by parties seeking to block lawful transfer of property . . . the party opposing the expungement of a notice of [pendency of action must] 'make a showing that he is *likely to prevail on the merits . . . .*'" Garcia v. Old Republic Default Management Servs., No. CV F 08-1879, 2009 WL 348177, at *1 (E.D. Cal. Feb. 11, 2009) (quoting Amalgamated Bank, 149 Cal. App. 4th at 1011 (italics in original); other citations omitted). Since Plaintiff's Complaint lacks sufficient allegations supporting any of her claims, Plaintiff has not shown that she is likely to prevail on the merits of her claims. Accordingly, the Bank's motion to expunge the Notice of Pendency of Action recorded on Plaintiff's real property on December 23, 2008 in the office of the Recorder of San Joaquin County is also granted.

Dated: March 19, 2009

GARLAND E. BURRELL, JR.
United States District Judge